UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-61087-LENARD/GARBER

STEPHEN AND DIANE SANDIN,

    Plaintiffs,

v.

UNITED COLLECTION BUREAU, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received Plaintiffs' Petition for Attorney's Fees and Costs [DE 22], Defendant's Response in Opposition to Plaintiffs' Petition for Attorney's Fees and Costs [DE 30], and Plaintiffs' Reply Memorandum to Defendant's Opposition to Plaintiffs' Petition for Attorney's Fees and Costs [DE 32].  After due consideration, and for the reasons set forth below, this Court respectfully recommends that Plaintiffs' Petition for Attorney's Fees and Costs be GRANTED in the amount of $4,096.20.

## FACTUAL BACKGROUND

On July 15, 2008, Plaintiffs sued United Collection Bureau, Inc. (United) for allegedly abusive debt collection practices in violation of the Fair Debt Collection Practices Act (FDCPA). United made Offers of Judgment to Plaintiffs on October 14, 2008, in the amount of $1,001 for each plaintiff, plus reasonable attorneys' fees and costs to be determined by this Court.  Plaintiffs accepted

the offers on October 17, 2008, and their Petition followed. Although United subsequently made an Offer of Judgment in the amount of $3,000 for attorneys' fees and costs, Plaintiffs request $5,132.40, which United argues is excessive.

## DISCUSSION

### A. Attorneys' Fees

The FDCPA provides a clear basis for an award of attorneys' fees and costs. The relevant section provides as follows:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;...and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). Plaintiffs devote six pages of their Petition to arguments showing that they are the prevailing party, and that they are entitled to an award as a matter of legislative intent and public policy [DE 22]. However, United already stipulated in its Offers of Judgment that it would pay "reasonable attorney's fees and costs as determined to be recoverable by the Court" [DE 20]. Thus, there is no dispute over Plaintiffs' entitlement to an award of fees and costs, and this Court need only determine whether Plaintiffs' request of $5,132.40 is reasonable.

The Supreme Court has held that "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). The resulting figure is known as the "lodestar." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). The principles outlined by the Supreme Court in Blum, which involved fee

2

shifting under the civil rights statute, are "equally applicable" to fee petitions brought pursuant to the FDCPA. Hollis v. Roberts, 984 F.2d 1159, 1161 (11th Cir. 1993). In performing the lodestar analysis, the Court will first consider the hourly rates charged by attorneys Krohn, Elfers, Bontrager, and Bradley, and by paralegal Kim.

1. Hourly Rate

A reasonable hourly rate can be measured by "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984)). The Eleventh Circuit has held that "[e]vidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." Norman, 836 F.2d at 1299. "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."[1] Id.

United presented testimony from Mr. Kohlmyer, who has served as defense counsel in numerous consumer protection cases [DE 30-7]. Mr. Kohlmyer states that he has never charged more than $225 per hour for representation in a FDCPA case, and that Mr. Krohn's qualifications do not warrant an hourly rate above $250 per hour. The rates for a consumer advocate, however, will not necessarily mirror those for a defense attorney, who does not work on a contingency basis. Additionally, Plaintiffs presented testimony from their own experts, three consumer advocates, who

---

[1] Plaintiffs attempt to shift this burden by arguing that the opposing party has the burden to justify a reduction in the lodestar amount [DE 22 at 13]. While this is true, the argument takes for granted that the hours and rates requested are reasonable, and thus constitute the lodestar. It is Plaintiffs' burden to show that its requested fee is reasonable. Only after it makes such a showing does the burden shift to the non-moving party to show that the lodestar - the product of a reasonable hourly rate multiplied by a reasonable number of hours - should be reduced.

testified that the hourly rates charged by Plaintiffs' attorneys are reasonable [DE 22 Ex. H]. Although only one of Plaintiffs' experts appears to have any experience litigating FDCPA cases, Plaintiffs have also supported their fee application with a national survey of hourly rates charged by consumer advocates [DE 22 Ex. F].

Plaintiffs retained an out-of-district firm that uses local Florida-based counsel rather than maintaining an office in this state.[2]  However, the relevant market for a determination of a reasonable hourly rate is the district in which the case is filed.  See ACLU v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999).  Therefore, the Court must consider the rates charged in light of what is reasonable in the Southern District of Florida.

According to the survey presented by Plaintiffs, the average hourly rate in Florida for a consumer advocate is $375 per hour for those in a large firm, and $339 per hour for those in a small firm.  The survey also lists $338 per hour as the average Florida rate for a consumer advocate with 11-20 years of experience.  While the survey is somewhat informative, it does not control for the nature of work or the level of skill needed in a given case.  "Consumer law" is a term that encompasses areas of practice ranging from the open-and-shut FDCPA case to complex litigation involving anything from fraud to personal injury.  Thus, there is presumably not a single, reasonable hourly rate for all of "consumer law."

The law in the Eleventh Circuit has long been that a court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  Norman, 836

---

[2] See Krohn & Moss Home Page, http://www.krohnandmoss.com/About-the-Firm.aspx (last visited July 24, 2009)

F.2d at 1303 (citing Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).  Based on this Court's experience, and in light of the straightforward nature of Plaintiffs' claim, the Court finds that an hourly rate of $325 for Mr. Krohn is reasonable.

United concedes, and the Court agrees, that the hourly rate of $300 charged by Mr. Elfers is reasonable given his legal experience [DE 30-7].  However, United challenges the hourly rate of Mr. Bontrager, arguing that his rate of $175 per hour should be reduced to $125 to account for the fact that he was a first-year associate when he began working on Plaintiffs' claim.  The Court notes that Plaintiffs have presented evidence in support of this hourly rate, and that $175 per hour is reasonable even for a first-year associate.  Similarly, the $254 hourly rate for Mr. Bradley is both reasonable and supported by Plaintiffs' evidence of the rates typically charged by consumer advocates.

Finally, the rate of $125 per hour for paralegal Kim is too high in light of the secretarial nature of the work performed.  The Supreme Court, while recognizing that a reasonable attorneys' fee includes time billed by paralegals, has cautioned that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."  Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).  Though the tasks performed by Ms. Kim were necessary, they are secretarial.  Thus, the Court will adopt United's suggested rate of $85 per hour.

2. Number of Hours

The lodestar amount should not include hours that are "excessive, redundant, or otherwise unnecessary."  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  The concept of "billing judgment" applies as much in a statutory fee-shifting setting as it does between an attorney and client.  Id.  The Court is obligated to ensure that the moving party has exercised billing judgment, and to exclude any unnecessary hours.  ACLU v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  The analysis of the

contested time entries proceeds in chronological order.

<u>a.</u> June 13 - July 9: United contends that the 2.7 hours billed for preparation of the complaint is excessive and should be reduced to .7 hours. The Court has reviewed the detailed time entries, and concludes that 2.7 hours is a reasonable amount of time.[3]

<u>b.</u> August 29: Mr. Elfers and Mr. Bontrager both billed for their conversation regarding Plaintiffs' demand for damages. Accordingly, the Court will deduct .1 hours billed by Mr. Elfers.

<u>c.</u> September 17 and August 18: United contests the two paralegal time entries, arguing that they are unnecessary and administrative. However, the two entries total only .6 hours for tasks including preparing the complaint for service and instructing a process server. The Court cannot say that this is unreasonable, and it will therefore allow the .6 hours.

<u>d.</u> October 1: Mr. Elfers billed .7 hours for drafting the joint scheduling report. As this is a form document, the time spent is somewhat excessive and should be reduced to .4 hours. However, the .6 hours billed for preparing and filing the Notice of Related Cases and Certificate to Interested Persons is reasonable, as only .3 hours was spend drafting the documents, the other time being spent reviewing local rules for requirements and reviewing the documents. This results in 1 hour of billable time between the two entries.

<u>e.</u> October 7: Mr. Elfers billed .9 hours for preparing Rule 26(a) disclosures and reviewing the client file in order to prepare the disclosures. The Court finds this reasonable.

---

[3] Mr. Bontrager's time was allotted as follows: .6 hours to draft the complaint; .9 hours for tasks including reviewing the notes from the partner's conversation with the client, and calling the client for clarification of the facts; .4 hours for drafting a memo to lead counsel about the complaint; and .5 hours for revising the complaint and preparing a summons. The Court cannot say that the time spent on these tasks was unreasonable. Similarly, the .3 hours billed by Mr. Elfers for review and filing of the complaint is reasonable.

> f. October 31: Mr. Bradley billed 1.3 hours for preparation of the fee petition, including affidavits and supporting documents. First, fees may be awarded for time spent litigating the attorneys' fee issue. See, e.g., Sheet Metal Workers' Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543 (11th Cir. 2007)(recognizing that "federal statutory fee-shifting provisions ordinarily authorize fees on fees"). Second, the 1.3 hours spent to prepare the fee petition is entirely reasonable, even after considering that part of the petition needlessly argued entitlement. United cites Sampaio v. Client Services, Inc., 306 Fed. Appx. 496 (11th Cir. 2009), for the proposition that Plaintiffs should not be allowed to recover for time billed after the October 14, 2008 offer of judgment. However, in that FDCPA case, the appellee had agreed to pay $1,001 plus reasonable fees and costs "up to the date of the offer of judgment." Id. There was no such qualification in United's offer.

> g. November 5: Mr. Elfers billed .2 hours for review of the fee petition. The Court finds that .2 hours is a reasonable amount of time for review.

> h. November 17: Mr. Elfers billed 2.1 hours for reviewing Defendant's Response to Petition for Attorneys' Fees and for preparing a reply brief. These hours merely reflect the time Plaintiffs' attorneys expected to bill, as the response had not yet been filed. Although Plaintiffs state that the actual time exceeded the anticipated time billed, the Court has not received evidence of the actual time spent performing these tasks, and thus has no basis for awarding a fee. Therefore, the 2.1 hours is excluded from the recommended award.

3. Calculation of Lodestar

Based on the analysis above, the Court calculates the reasonable hourly rates and number of hours as follows:

7

      A. Mr. Krohn: $325 x 3.8 hours = $1,235

      B. Mr. Elfers: $300 x 2.9 hours = $870

      C. Mr. Bontrager: $175 x 7.2 hours = $1,260

      D. Mr. Bradley: $254 x 1.3 hours = $330.20

      E. Ms. Kim: $85 x .6 hours = $51

The lodestar amount thus equals $3,746.20.

4. Adjustments to Lodestar

      The Supreme Court has held that there is a "strong presumption" that the lodestar represents the "reasonable" amount of attorneys' fees under a fee-shifting statute. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)(hereinafter Delaware Valley 1). Upward adjustments are appropriate only in "rare" and "exceptional" circumstances. Id. Such circumstances do not exist here. See Norman, 836 F.2d at 1302 ("an outcome that is not unexpected in the context of extant substantive law will not ordinarily be exceptional"). Additionally, while the Fifth Circuit set out 12 factors to be considered in determining the size of a fee award in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), the Supreme Court has held that many of the factors are "presumably fully reflected in the lodestar amount." Delaware Valley 1, 478 U.S. at 565. Thus, the lodestar amount of $3,746.20 should not be adjusted.

5. Costs

      Plaintiffs request only $350 in costs for filing the complaint. This is a taxable cost under 28 U.S.C. §1920 and should be added to the lodestar for a total award of $4,096.20.

## CONCLUSION AND RECOMMENDATION

      For the reasons set forth above, and based upon the Court's review of the record and

consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that Plaintiffs' Petition for Attorney's Fees and Costs be GRANTED in the amount of $4,096.20.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Joan A. Lenard.  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 27th day of July, 2009.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE